IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00695-BNB
(Removal from Douglas County Court, State of Colorado, Case No. 2014C30793)

TRANS WESTERN MANAGEMENT GROUP,

 Plaintiff,

v.

DEENA DOHLEMAN,

 Defendant,

---

## ORDER FOR SUMMARY REMAND

---

 Defendant, Deena Dohleman, filed *pro se* a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  Ms. Dohleman alleges that she is removing to this Court a state court action, Civil Action No. 2014C30793, filed in Douglas County, Colorado, District Court.

 This Court must construe the Notice of Removal liberally because Ms. Dohleman is acting *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Although, Ms. Dohleman has not paid the $400.00 filing and administrative fees to remove this case to this Court or in the alternative submitted a request to proceed pursuant to 28 U.S.C. § 1915, the Court will proceed to review the merits of the Notice of Removal and will summarily remand the action to state court.

 A notice of removal must contain "a short and plain statement of the grounds for

removal, together with a copy of all process, pleadings, and orders served upon such

defendant or defendants in such action." 28 U.S.C. § 1446(a). "[T]here is a

presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873

(10th Cir. 1995). "Under 28 U.S.C. § 1441 a defendant in state court may remove the

case to federal court when a federal court would have had jurisdiction if the case had

been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247

(10th Cir. 2005). Removal is permitted only where the existence of a federal claim

appears on the face of a well-pleaded complaint. *Holmes Group Inc. v. Vornado Air*

*Circulation Systems, Inc.*, 535 U.S. 826, 830 & n. 2 (2002). In contrast, "a case may not

be removed to federal court solely because of a defense or counterclaim arising under

federal law." *See Johnson,* 404 F.3d at 1245. "The removing party has the burden to

demonstrate the appropriateness of removal from state to federal court." *Baby C v.*

*Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

Ms. Dohleman fails to provide a short and plain statement of the grounds for

removal. She also fails to demonstrate that the Court would have had subject matter

jurisdiction over this action if it had been filed in federal court originally. In the Notice of

Removal, Mr. Dohleman asserts in a conclusory and vague fashion that this action

involves "Plaintiff's attempt to deprive Defendant of his property without due process of

law in violation of the Fourteenth Amendment to the U.S. Constitution, for damages

under the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Fair

Debt Collection Practices Act."

In support of removal based on federal question jurisdiction pursuant to 28

U.S.C. § 1331, Ms. Dohleman states that her claims arise under the laws of the United

States.  A review of the state court complaint initiated by Plaintiff reveals that the

matters therein involve only state law, *i.e.,* an unlawful detainer proceeding seeking to

recover possession of the property.  The complaint does not contain any federal causes

of action.  Furthermore, any claims that Ms. Dohleman may raise in the state court

action or any counterclaims pursuant to the Constitution, law, or statutes of the United

States are not removable.  Accordingly, Ms. Dohleman has not met her burden to

establish federal subject matter jurisdiction over this civil action.   As a result, the instant

action will be remanded summarily to the state court.  *See* 28 U.S.C. § 1447(c).

Accordingly, it is

ORDERED that this action is remanded summarily to the Douglas County District

Court.  It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of

this Order to the Clerk of the Douglas County Courthouse, 4000 Justice Way Ste.

#2009, Castle Rock, CO 80109

DATED at Denver, Colorado, this _12th_ day of ___March_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court